1
2
3
4
5
6
7

**THE DISTRICT COURT OF GUAM**

8

9 | JAMES J. ESPERON,

CIVIL CASE NO. 24-00007

Petitioner,

10

**DECISION AND ORDER
DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS WITH LEAVE TO
AMEND (ECF NO. 1), DENYING
MOTION TO APPOINT COUNSEL
WITHOUT PREJUDICE (ECF NO. 3),
AND GRANTING APPLICATION TO
WAIVE FEES (ECF NO. 4).**

11 | vs.

12 | FRED BORDALLO, as Director of
the Guam Department of Corrections,

13 |                           Defendant.

14

15    This matter comes before the court on Petitioner James J. Esperon's Petition Under 28

16 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), ECF No.

17 1, as well as his Motion for Appointment of Counsel for Indigent (the "Motion to Appoint

18 Counsel"), ECF No. 3, and Application to Proceed in District Court Without Prepaying Fees or

19 Costs (the "Application to Waive Fees"), ECF No. 4. The court has reviewed the pleadings and

20 the relevant law and finds this matter suitable for submission without oral argument.

21    For the reasons stated herein, the court hereby **GRANTS** the Application to Waive Fees,

22 **DISMISSES** the Petition without prejudice, and **DENIES** the Motion to Appoint Counsel

23 without prejudice.

24

**I. Background**[1]

In August 2015, Petitioner was sentenced to fifteen years' imprisonment for two counts of criminal sexual conduct in the Superior Court of Guam. *See* Pet. at 1, ECF No. 1. He is currently incarcerated in the Guam Department of Corrections facility located in Mangilao, Guam. *Id.* Petitioner filed the instant petition on April 4, 2024, followed by the Motion to Appoint Counsel and Application to Waive Fees on May 2, 2024.[2] ECF Nos. 1, 3, 4. This is Petitioner's second petition for writ of habeas corpus in this court based on the same underlying conviction and sentence. *See Esperon v. Carbullido*, Civil Case No. 20-00027 (D. Guam); Pet. at 12, ECF No. 1. The prior petition was dismissed for failure to exhaust remedies available to him in the local courts. *See Esperon*, Civil Case No. 20-00027 (D. Guam Sept. 30, 2021); Pet. at 12, ECF No. 1. The instant petition follows an appeal to the Guam Supreme Court and at least three post-conviction actions in the Superior Court of Guam. *See* Pet. at 2-5, ECF No. 1.

The Petition here alleges four grounds upon which Petitioner claims that he is being held in violation of the Constitution, laws, or treaties of the United States. *See id.* at 5. First, Petitioner alleges that he was denied his right to effective assistance of counsel under the Sixth Amendment for "failure to investigate, develop, present evidence [and] argument supporting their chosen theory of defense [and] undermining testimony at trial." *Id.* Second, Petitioner alleges "fundamental fairness on Due Process of Brady violations, prosecutorial misconduct, witness recanting, excessive date range on Indictment, impeachment evidence, [and] violation of [the] Fourteenth Amendment." *Id.* at 7. Third, "Newly Discovered evidence/Newly reliable evidence, violation of Equal Protection Clause of Fourteenth Amendment [and] Fifth Amendment - against

---

[1] Page citations throughout this Decision and Order refer to CM/ECF-generated page numbers.

[2] However, Petitioner dated the Petition: March 11, 2024; the Motion to Appoint Counsel: February 29, 2024, and April 22, 2024; and the Application to Waive Fees February 29, 2024. *See* ECF Nos. 1, 3, 4.

self incrimination, Miranda conflict." *Id.* at 8. And fourth, that he was "[d]enied fundamental Due Process of a full [and] fair hearing [and] Equal Protection Clause in violation of Fourteenth Amendment." *Id.* at 10. In support of each ground for relief, Petitioner makes various legal and factual statements. *See id.* at 5, 7-8, 10. Such statements are recited below[3]:

- Ground One: "Attorney withheld material information from the Court [and] jury. Attorney failed to conduct a cursory investigation outside of the prosecutors discovery evidence. Alibi defense identified. Attorney failed to introduce exculpatory evidence of mental health diagnosis [and] the G.P.D. Internal Affairs report as proof supporting Petitioners invalid Miranda waiver. Attorney motioned to withdraw compelling Petitioner to defend himself. Attorney violates Petitioners right to participate or assist in his own defense at trial. Attorney failed to interview any alibi witnesses. Petitioner provided an involuntary statement under duress through a temporary legal insanity cognitive impairment suffering from military combat P.T.S.D."

- Ground Two: "'The date range in Charges 1 [and] 2 is a long date range, so the victims memory of seeing this particular movie helps narrow down the date [and] is therefore relevant to the proceedings' - citation from Judicial Notice - admitted. The Judicial Notice was purposely utilized as a vehicle to bolster the credibility [and] to improperly vouch the victims testimony. The date in question on the Indictment reads Jan. 01, 2011-Apr. 06, 2012 (462 days) rather than according to the Judicial Notice when Kung Fu Panda 2 was in theaters between (May 25, 2011-June 24, 2011) (30 days). The A.G. admitted, in closing arguments, on average a movie shows in theaters between 2, 3, 4, 5 weeks. Initially the incident reported occurred specifically October 12, shes 14 yrs old. At trial the same incident changed to June 2011 corroborated by the Kung Fu Panda 2 movie, shes 13 yrs old. Resulting in double jeopardy for the same incident from inconsistent statements. G.D.O.E. has confirmed victim didnt attend nor [registered] for summer school in 2011."

- Count Three: "Fraudulent police training identified, that violates Guam law, was utilized to justify the A.G.s burden of proof of a valid Miranda waiver. All police officers, including reservists, must be certified by the P.O.S.T. commission. Petitioner lacked the certification therefore cannot be held as one who is certified. Evidence of Petitioner being an uncertified police officer should have been suppressed in order to have had a fair trial. People in authority accused of a crime are held to a higher standard than the general public. Petitioner signed Miranda under a false

---

[3] Errors in the quoted allegations are contained in the original Petition unless otherwise corrected in brackets.

understanding. Bait [and] switch tactic used by investigators. Petitioner actively undergoing mental health treatment during interrogation."

- <u>Ground Four</u>: "The Habeas Court invented [and] constructed a strategical [and] tactical defense excuses for Attorneys errors without support or citation from the record. The Court reveals an enormous evidentiary value [and] rejects it at the same time. Petitioners Attorney never testified at any hearing. The Court did not conduct an evidentiary hearing to admit or allow evidence additionally to support the writ yet criticized the evidence [and] sided with the A.G.s general response verbatimly [sic] in denying writ. The Court employed a defective fact-finding process [and] was based solemnly [sic] on what the Judge would have done personally [and] misapprehending the record. The A.G. conceeding [sic] [and] deviating their position regarding Miranda, responding "that any lay person can understand Miranda because its in english" - is general response not directed in Petitioners case."

*Id.* Petitioner also indicated that the grounds for relief were not raised on direct appeal but were raised in post-conviction habeas corpus proceedings in the Superior Court of Guam. *See id.* at 6-11. However, all such actions were denied. *Id.*

## II. Application to Waive Fees

Petitioner has requested to proceed without prepaying fees or costs. *See* Appl., ECF No. 4. Under 28 U.S.C. § 1915(a)(1), a court may authorize a person to commence a civil action without prepaying the required filing fee, provided that the person "submits an affidavit [stating] . . . that the person is unable to pay such fees or give security therefor." In some circumstances, the court may also require the petitioner to pay a partial filing fee followed by regular monthly payments. *See id.* at § 1915(b).

The court has reviewed Petitioner's Application to Waive Fees and finds he has sufficiently shown that he is unable to pay the fees or give the security required to commence this action. At the time of filing, Petitioner indicated that he is incarcerated, unemployed, has $100.00 in cash or a checking or savings account, receives monthly disability or worker's compensation payments in the amount of $237.00, and has no credit in his Department of

Corrections account. *See* Appl. at 1, ECF No. 4; Mot. to Appoint Counsel at 4, ECF No. 3. Petitioner also has three minor dependents who appear to rely on funds from his VA apportionment, and he has a credit card debt of $23,000. Appl. at 2, ECF No. 4; *see also Esperon v. Carbullido*, Civil Case No. 20-00027 (D. Guam Feb. 5, 2021). As such, Petitioner has shown that he does not have the means to pay the full or a partial filing fee in this case. *See* 28 U.S.C. §§ 1915(a)(1), (b). Therefore, the court **GRANTS** Petitioner's Application to Waive Fees.

### III. Screening the Complaint

#### A. Jurisdiction

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. The Petition is brought under 28 U.S.C. § 2254 and claims "violation[s] of the Constitution or laws or treaties of the United States." *See* Mot. at 5-10, ECF No. 1; *see also* 28 U.S.C. § 2254(a).

#### B. Standard of Review

When a petitioner moves to proceed *in forma pauperis* under 28 U.S.C. § 1915, the court is required to screen a petition for habeas corpus to determine whether the action is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (stating that § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim). Furthermore, when a petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254, the court must summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in district court." Rules Governing Section 2254 Cases, R. 4, 28 U.S.C. foll. § 2254 [hereinafter "Section 2254 Rules"]. A person in custody pursuant to the judgment of state court may obtain a federal writ of habeas corpus "only

on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims that are "frivolous or malicious" or that fail to state a basis on which habeas relief may be granted must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); Section 2254 Rules, R. 4.

Petitions brought under 28 U.S.C. § 2254 must "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested." Section 2254 Rules, R. 2(c)(1)-(3); *cf. Mayle v. Felix*, 545 U.S. 644, 648-49, 654-56 (2005). Under this standard, the court must accept all allegations of material fact as true and liberally construe the petition in the light most favorable to the petitioner, particularly when he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that liberal construction of *pro se* pleadings is required after *Ashcroft v. Iqbal*, 556 U.S. 662 (2007)). In doing so, however, the court need not accept "legal conclusion[s] couched as factual allegation[s]" as true. *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014); *see also Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("It is well settled that 'conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'")).

Leave to amend should be granted unless it appears that amendment would be futile. *See Lopez*, 203 F.3d at 1130-31; *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### C. Analysis

Petitioner alleges four grounds upon which his confinement is in violation of the Constitution: (i) ineffective assistance of counsel under the Sixth Amendment; (ii) violation of the Due Process Clause of the Fourteenth Amendment; (iii) violation of the Equal Protection

1   Clause of the Fourteenth Amendment and the Fifth Amendment privilege against self-

2   incrimination; and (iv) violation of a full and fair hearing under the Due Process and Equal

3   Protection Clauses of the Fourteenth Amendment. *See* Pet. at 5-10, ECF No. 1. Upon screening

4   the Petition, the court finds that the supporting facts for Grounds One, Two, and Three contain

5   insufficient factual matter to state plausible claims for relief and that Ground Four alleges a

6   claim upon which relief cannot be granted. *See* 28 U.S.C. § 1915(e); Section 2254 Rules, R.

7   2(c)(3), 4. For the reasons explained below, the court **DISMISSES** Grounds One, Two, and

8   Three with leave to amend and **DISMISSES** Ground Four with prejudice.

### i.   Ground One

9

10          Ground One alleges a Sixth Amendment claim for ineffective assistance of counsel. Pet.

11   at 5, ECF No. 1. To adequately plead an ineffective assistance of counsel claim, Petitioner must

12   allege enough facts to support: (1) that his counsel's actions were deficient, i.e., that those

13   actions fell below "an objective standard of reasonableness"; and (2) that the deficient actions

14   prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687-90 (1984); *see also*

15   *Catlin v. Broomfield*, 124 F.4th 702, 726-27 (9th Cir. 2024) (explaining that failure to show

16   either element defeats the ineffectiveness claim). A counsel's performance is deficient if,

17   considering all the circumstances, it is "outside the wide range of professionally competent

18   assistance." *Strickland*, 466 U.S. at 689. To sufficiently allege that a petitioner's defense was

19   prejudiced by his counsel's performance, he must allege that his "counsel's errors were so

20   serious as to deprive [him] of a fair trial, a trial whose result is reliable," i.e., that the result of the

21   proceeding would have been different. *Id.* at 687; *Catlin*, 124 F.4th at 727 (citing *Ayala v.*

22   *Chappell*, 829 F.3d 1081, 1096 (9th Cir. 2016)). There is strong presumption that a defense

23

24

1  counsel "rendered adequate assistance and made all significant decisions in the exercise of

2  reasonable professional judgment."[4] *Strickland*, 466 U.S. at 689-90; *Catlin*, 124 F.4th at 727.

3      Here, construing Petitioner's allegations in the light most favorable to him, the alleged

4  deficiencies can be summarized as follows: Petitioner's counsel (1) withheld material

5  information from the court and jury; (2) failed to conduct a cursory investigation outside of the

6  prosecutor's discovery; (3) failed to put on an alibi defense; (4) failed to introduce exculpatory

7  evidence of mental health diagnosis and the G.P.D. Internal Affairs report "as proof supporting

8  Petitioner[']s invalid Miranda waiver"; (5) moved to withdraw "compelling Petitioner to defend

9  himself"; (6) violated "Petitioner[']s right to participate or assist in his own defense at trial";

10  (7) failed to interview alibi witnesses; and (8) failed to challenge an alleged "involuntary

11  statement under duress through temporary legal insanity cognitive impairment suffering from

12  military combat P.T.S.D." *See* Pet. at 5, ECF No. 1. Even assuming that defense counsel's

13  actions were deficient, Petitioner is required to state more than legal conclusions in support of his

14  claim for ineffective assistance of counsel. *See Wood*, 572 U.S. at 755 n.5 *Jones*, 66 F.3d at 204;

15  *James*, 24 F.3d at 26. For example, Petitioner failed to allege what "material information" was

16  withheld from the court and jury, how his counsel failed to conduct a cursory investigation, what

17  "alibi" defense his counsel failed to investigate or introduce, under what circumstances his

18  counsel moved to withdraw or how Petitioner had to "defend himself," or what "involuntary

19  statements" Petitioner made and how they were elicited. *See Strickland*, 466 U.S. at 687-90;

20  *Catlin*, 124 F.4th at 726-27. Plaintiff also failed to allege that his lawyer's actions prejudiced the

21  outcome of his case. *See Catlin*, 124 F.4th at 726-27. Therefore, the court **DISMISSES** Ground

22

23  ⁴ Furthermore, on a petition for writ of habeas corpus under 28 U.S.C. § 2254, "the deferential *Strickland* standard" is made "even more difficult for petitioners to succeed" because "the federal court's review [of the state court's

24  decision] must be 'doubly' deferential." *Catlin*, 124 F.4th at 727.

1   One but grants Petitioner leave to amend in accordance with the instructions below. *See Lopez*,

2   203 F.3d at 1130.

3                                   **ii.  Ground Two**

4           Ground Two alleges a violation of the Due Process Clause of the Fourteenth Amendment

5   for "Brady violations, prosecutorial misconduct, witness recanting, excessive date range on

6   Indictment, [and] impeachment evidence." *See* Pet. at 7, ECF No. 1. Despite the host of

7   allegations raised in the caption of Ground Two, the facts only appear to be directed at a claim

8   under *Brady*. *See id.* Accordingly, the court will analyze whether Petitioner has sufficiently plead

9   a *Brady* violation but will provide Petitioner with leave to amend to clearly state any other claims

10  he intended to include along with sufficient facts to support such claims.

11          In *Brady v. Maryland*, the U.S. Supreme Court held that a prosecutor's wrongful

12  suppression of evidence favorable to an accused violated the Due Process Clause of the

13  Fourteenth Amendment when such evidence was material to guilt or punishment. *See Brady v.*

14  *Maryland*, 373 U.S. 83, 87 (1963). To prevail on a *Brady* claim, a petitioner ultimately must

15  prove that (1) "the evidence at issue is favorable to the accused, [such as being] exculpatory [or]

16  impeaching"; (2) "that evidence was suppressed by the [prosecution], either willfully or

17  inadvertently"; and (3) "prejudice ensued." *Woods v. Sinclair*, 764 F.3d 1109, 1127 (9th Cir.

18  2014) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)); *Catlin*, 124 F.4th at 743

19  (citations omitted). There must be "a reasonable probability that, had the evidence been disclosed

20  to the defense, the result of the proceeding would have been different." *Strickler*, 527 U.S. at

21  280; *Catlin*, 124 F.4th at 743. A "reasonable probability" exists when suppression of evidence

22  "undermines confidence in the outcome of the trial." *Catlin*, 124 F.4th at 743 (citation omitted).

23

24

1    Here, Petitioner identifies certain issues in support of his *Brady* claim, such as the

2  duration of indictment's date range, judicial notice taken by the trial judge to bolster a witness's

3  credibility, and evidence regarding the showing dates of *Kung Fu Panda 2*. *See* Pet. at 7, ECF

4  No. 1. Even so, Petitioner does not sufficiently state why such evidence is favorable to him,

5  whether the prosecution suppressed such evidence, or whether or how he was prejudiced by such

6  suppression. *See Woods*, 764 F.3d at 1127. At most, Petitioner has alleged that the *Kung Fu*

7  *Panda 2*'s showing dates account for a narrow window of the dates charged in the indictment,

8  and that the victim's age in an incident report and at trial was inconsistent. *See* Pet. at 7, ECF No.

9  1. Alone, these allegations cannot support a *Brady* claim. Therefore, the court **DISMISSES**

10  Ground Two but will grant leave to amend in accordance with the instructions below. *See Lopez*,

11  203 F.3d at 1130.

12    Further, in the caption and supporting facts of Ground Two, Petitioner references other

13  possible claims for relief. However, the facts as alleged are insufficient to discern distinct

14  grounds for relief. For example, Petitioner claims "double jeopardy" based on statements made

15  during the prosecutor's closing argument but does not explain how such statements invoke

16  double jeopardy.[5] *See id.* Petitioner also claims "prosecutorial misconduct" in the caption of

17  Ground Two, yet the facts do not adequately articulate such claim.[6] *See id.* These references are

18

19  [5] Under the Fifth Amendment, "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy for life or limb[.]" U.S. Const. amend. V; *see also Benton v. Maryland*, 395 U.S. 784, 795-96 (1969) (incorporating the

20  Double Jeopardy Clause against the states). Double jeopardy may be invoked when a defendant is improperly retried after being acquitted or after a mistrial was improperly declared. *See Brazzel v. Washington*, 491 F.3d 976, 981-82 (9th Cir. 2007). Here, no such circumstance has been alleged. Instead, Petitioner alleges that double jeopardy

21  resulted from "inconsistent statements" by the prosecutor as compared to incident reports, the indictment, and the showing dates of *Kung Fu Panda 2*. Pet. at 7, ECF No. 1.

22  [6] Statements made by a prosecutor are examined "in the context in which they were made" to determine "whether the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due

23  process." *Turner v. Calderon*, 281 F.3d 851, 868 (9th Cir. 2002) (citations and internal quotations omitted); *see also Lincoln v. Sunn*, 807 F.2d 805, 809 (9th Cir. 1987) ("Improper comment warrants reversal only if it appears that the

24  comment may possibly have affected the verdict."). Petitioner has not adequately alleged that the prosecutor's

1    unsupported by the facts alleged. Therefore, the court further **DISMISSES** Ground Two on these

2    bases but grants leave to amend in accordance with the instructions below. *See Lopez*, 203 F.3d

3    at 1130.

4                           **iii. Ground Three**

5        Ground Three alleges violations of the Fifth and Fourteenth Amendments based on newly

6    discovered or newly reliable evidence. *See* Pet. at 8, ECF No. 1. Claims of actual innocence

7    based on newly discovered evidence warrant federal habeas relief only where the evidence is

8    (1) "newly discovered"; and (2) "of such character as will completely undermine the entire

9    structure of the case upon which the prosecution was based." *Prescott v. Santoro*, 53 F.4th 470,

10    480 (9th Cir. 2022); *see also Griffin v. Johnson*, 350 F.3d 956, 960-61 (9th Cir. 2003) ("The

11    evidence must show that 'it is more likely than not that no reasonable juror would have convicted

12    [the petitioner] in light of the new evidence.'"). In support of such claim, a petitioner must

13    "introduce[] affirmative proof of actual innocence based on newly discovered evidence." *See*

14    *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002) (citations omitted). "Newly discovered

15    evidence" includes evidence that is "newly reliable" or "newly presented," such as "exculpatory

16    scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Griffin*, 350

17    F.3d at 961-63 (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). The evidence need only be

18    "new . . . evidence . . . that was not presented at trial" to pass this threshold. *Id.* at 963 (quoting

19    *Schlup*, 513 U.S. at 324).

20        Here, Petitioner alleges that evidence of fraudulent police training, his lack of

21    certification as a police officer, bait and switch tactics used to get him to sign a *Miranda* waiver,

22    and evidence of his mental health treatment would constitute newly discovered or reliable

23

24    statements during closing argument satisfy this standard.

evidence. *See* Pet. at 8, ECF No. 1. However, other than broadly claiming that such evidence is,

in fact, "newly discovered" or "newly reliable," Petitioner failed to allege whether such evidence

was previously available to him or presented to trial court. *See Griffin*, 350 F.3d at 962-63.

Petitioner also failed to allege whether "it is more likely than not that no reasonable juror would

have convicted him" had the evidence been presented. *Id.* (quoting *Schlup*, 513 U.S. at 327).

Therefore, the court **DISMISSES** Ground Three for failure sufficiently plead a claim of actual

innocence based on newly discovered or newly reliable evidence, but grants leave to amend in

accordance with the instructions below. *See Lopez*, 203 F.3d at 1130.

To the extent that Petitioner sought to allege a claim of actual innocence based on an

independent constitutional violation, he has also failed to do so. *Griffin*, 350 F.3d at 962-63.

Even though Petitioner referred to an invalid *Miranda* waiver, the court does not find that he has

sufficiently alleged that this evidence was "newly discovered" or "newly reliable," or that such

waiver was, in fact, an independent constitutional violation.[7] *See* Pet. at 8, ECF No. 1; *Turner*,

281 F.3d at 873.

### iv.  Ground Four

Ground Four alleges Fourteenth Amendment due process and equal protection claims for

the Superior Court of Guam's denial of "a full [and] fair hearing" and "defective fact-finding

process." *See* Pet. at 10, ECF No. 1. Under 28 U.S.C. § 2254, claims made in a petition for a writ

of habeas corpus must challenge that petitioner's conviction or sentence, and the relevant

---

[7] To allege an invalid *Miranda* waiver, a petitioner must allege facts that sufficiently state that he, based on a totality of the circumstances, was subject to a custodial interrogation and that the waiver was not made voluntarily, knowingly, and intelligently after being properly advised of his rights. *See Miranda v. Arizona*, 384 U.S. 436, 443-45, 475 (1966); *see also Juan H. v. Allen*, 408 F.3d 1262, 1271 (9th Cir. 2005). Allegations that the waiver was not made voluntarily depend on the presence of police overreaching, whereas allegations that the waiver was not made knowingly or intelligently depend on a petitioner's mental capacity. *See Cox v. Del Papa*, 542 F.3d 669, 675 (9th Cir. 2008). Petitioner appears to allege both types of violations but fails to allege facts sufficient to support either. *See* Pet. at 8, ECF No. 1 (alleging that investigators used a "bait [and] switch tactic," and that Petitioner "signed *Miranda* under a false understanding"). Accordingly, any amendment on this ground should clearly allege how such waiver was invalid.

1    question is whether the state court's substantive determination was unreasonable. *See* 28 U.S.C.

2    § 2254(a); *Prescott v. Santoro*, 53 F.4th 470, 479 (9th Cir. 2022). The court must, therefore,

3    dismiss habeas petitions or a portion thereof that state a basis on which habeas relief cannot be

4    granted. *See* 28 U.S.C. § 1915(e).

5        Here, Ground Four appears to challenge the Superior Court of Guam's determination of

6    Petitioner's prior habeas petitions and claims that the reviewing court's determination violates

7    the Fourteenth Amendment. *See* Pet. at 10, ECF No. 1. Ground Four *does not*, however,

8    independently challenge the Petitioner's conviction or sentence under 28 U.S.C. § 2254.

9    Therefore, Ground Four is **DISMISSED** with prejudice because it is improperly asserted under

10   28 U.S.C.§ 2254 and relief thereon cannot be granted even if Petitioner was granted leave to

11   amend. *See Lopez*, 203 F.3d at 1130.

12       In sum, the court finds that Petitioner has failed to allege cognizable claims that would

13   warrant proceeding under 28 U.S.C. § 2254. Therefore, the Petition is **DISMISSED** with respect

14   to Grounds One, Two, and Three with leave to amend, and **DISMISSED** with prejudice on

15   Ground Four for failure to state a claim upon which relief can be granted.

16   **IV. Leave to Amend**

17       Petitioner should be granted leave to amend if it appears that he can correct the defects

18   contained in the Petition. *See Lopez*, 203 F.3d at 1130. As discussed throughout this Decision

19   and Order, Petitioner has alleged certain claims in Grounds One, Two, and Three that the court

20   granted him leave to amend because, based on the facts included in the Petitioner, the court

21   cannot yet conclude whether amendment would be futile. *See id.* However, for the reasons stated

22   in Section III(C)(iv), the court finds that any amendment to Ground Four would be futile.

23   Therefore, if Petitioner files an amended petition, he must demonstrate the following:

24

1. <u>Ground One (ineffective assistance of counsel)</u>: Petitioner shall reallege the actions by his attorney that are believed to be deficient, including any other facts relevant to such conclusion, and further allege how these actions were so serious as to deprive him of a fair trial. *See supra* Section III(C)(i). For example, Petitioner contends that his attorney "withheld material information from the Court [and] jury." *See* Pet. at 5, ECF No. 1. If known, Petitioner should specify what "material information" was withheld, how it was withheld, and how his attorney's withholding of that information prejudiced him.

2. <u>Ground Two (*Brady* and other claims)</u>: For a *Brady* claim, Petitioner shall allege what favorable evidence was suppressed by the prosecutor, whether the evidence was exculpatory or impeaching, that the prosecution suppressed such evidence, and allege how he was prejudiced by the suppression. *See supra* Section III(C)(ii). For example, if Petitioner has a good faith basis to believe that the prosecutor suppressed evidence related to the incident report or other evidence of facts mentioned in Ground Two, then he shall identify the evidence, allege whether it is favorable to his defense, and how he was prejudiced by the suppression. *See* Pet. at 7, ECF No. 1. To the extent Petitioner sought to allege additional grounds for relief in Ground Two, such as double jeopardy or prosecutorial misconduct, then he shall allege facts sufficient to support such claims. The necessary elements of those claims are discussed *supra* notes 5-6.

3. <u>Ground Three (actual innocence based on newly discovered or newly reliable evidence)</u>: Plaintiff shall allege what evidence was newly discovered or newly reliable, that the evidence was not presented at trial, and how such evidence would "undermine the entire structure of the case upon which the prosecution was based." *See supra* Section III(C)(iii). For example, Petitioner makes certain allegations regarding evidence of fraudulent police training. *See* Pet. at 8, ECF No. 1. If this is the evidence that Petitioner is relying on, then he shall reallege such claims to include the aforementioned information. To the extent Petitioner sought to allege actual innocence based on an independent constitutional violation (i.e., an invalid *Miranda* waiver), then he shall identify the claim as such and allege why the waiver was invalid and whether evidence of this is "newly discovered" or was not presented at trial. *See supra* note 7.

4. More broadly, the court reminds Petitioner that he must "specify all the grounds for relief available to [him]," "state the facts support each ground," and "state the relief requested." *See* Section 2254 Rules, R. 2(c)(1)-(3). Although the court must accept his allegations of material fact as true, the court will not accept allegations that are unsupported by a statement of specific facts. Therefore, any amendment should include enough facts for the court to assess

whether Petitioner has plausibly stated a claim that he is being held in
violation of the Constitution, laws, or treaties of the United States. *See*
28 U.S.C. § 2254(a).

The amended petition must be filed no later than July 14, 2025. The amended petition
must also be rewritten and may not incorporate any part of the dismissed Petition by reference.
Any claim not raised therein will be deemed waived.

**V.  Motion to Appoint Counsel**

Petitioner also filed a Motion to Appoint Counsel. ECF No. 3. Therein, Petitioner
explained that he "has limited resources [and] limited knowledge of the law" and that "[t]he
issues involved in this case are complex [and] appointed counsel would be able to explain the
applicable legal principles [and] possibly limit litigation to potentially meritorious issues." *Id.* at
1. Petitioner also stated that the Defendant would be automatically represented by the Office of
the Attorney General, which would put him at an unfair disadvantage, and being appointed
counsel would remedy this. *Id.*

In extraordinary circumstances, "[t]he court may request an attorney to represent any
person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Palmer v. Valdez*, 560 F.3d
965, 970 (9th Cir. 2009). However, a petitioner bears the burden of demonstrating that such
exceptional circumstances exist. *Palmer*, 560 F.3d at 970. Such circumstances require that a
petitioner demonstrates a "likelihood of success on the merits" and that the court evaluate "the
[petitioner's] ability to articulate his claims in light of the complexity of the legal issues
involved." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also
Palmer*, 560 F.3d at 970. A "likelihood" does not mean that success is certain or even probable;
rather, a "likelihood" means that there is "possible merit" to the claims. *See Byrd v. Maricopa
Cnty. Bd. of Supervisors*, 845 F.3d 919, 925 (9th Cir. 2017).

Although Petitioner has described the complexity of his claims and explained how he would benefit from having an attorney represented him, Petitioner has not met his burden of demonstrating that there is "possible merit" to his claims at this stage. *See Palmer*, 560 F.3d at 970; *Agyeman*, 390 F.3d at 1103; *Byrd*, 845 F.3d at 925. Such determination should be reserved until after Petitioner files an amended petition—when the court is in a better position to make such determination. Accordingly, the court **DENIES** Petitioner's Motion to Appoint Counsel without prejudice. Petitioner may renew the motion upon filing an amended petition.

**VI. Conclusion**

For the foregoing reasons, the court **GRANTS** the Application to Waive Fees, **DISMISSES** the Petition without prejudice, and **DENIES** the Motion to Appoint Counsel without prejudice. Petitioner will have until July 14, 2025, to file an amended petition in accordance with the instructions provided above. Failure to file an amended petition by this deadline may result in the automatic dismissal of the case without further notice.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: May 29, 2025**