**THE DISTRICT COURT OF GUAM**

JAMES J. ESPERON,

              Petitioner,

     vs.

FRED BORDALLO, Director of the Guam
Department of Corrections,

              Respondent.

CIVIL CASE NO. 24-00007

**DECISION AND ORDER**

Before the court is Petitioner James J. Esperon's Amended Petition Under 18 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. *See* Pet., ECF No. 13. For the reasons stated herein, the Petition is hereby **DENIED**. Additionally, the motion to appoint counsel is denied. Further, Petitioner is not entitled to a certificate of appealability.

I. **BACKGROUND**[1]

Petitioner initially filed his 2254 petition on August 26, 2020.[2] *See* ECF No. 1, *Esperon v. Carbullido*, Civil Case No. 20-00027 (D. Guam). In that case, the court dismissed the petition

---

[1] The court refers to CM/ECF pagination throughout this Order.

[2] The filing of a second or successive petition requires that the Petitioner obtain an order from the Ninth Circuit authorizing this court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4). However, "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

because Petitioner failed to exhaust the remedies available in the state courts. *Id.* at ECF No. 16. On May 17, 2023, Petitioner filed a "Motion to Resume Jurisdiction after Exhausting Remedies in Local Courts" in that same case. *Id.* at ECF No. 33. Attached to that motion was a decision from the Supreme Court of Guam denying Petitioner's 2254 petition and noting that Petitioner has exhausted his remedies with the state court. *Id.* at 3-5. This court denied the motion to resume jurisdiction because Petitioner did not meet the exhaustion of state remedies when he filed his original petition. *Id.* at ECF No. 37.

On April 4, 2024, Petitioner filed a new Petition. *See* ECF No. 1, *Esperon v. Bordallo*, Civil Case No. 24-00007 (D. Guam). Therein, Petitioner noted that he filed two 2254 Petitions with the Superior Court of Guam, one having been filed on April 16, 2017, with a denial having been issued on December 27, 2017; and the other having been filed on January 2, 2018, with a denial having been issued on July 24, 2019. *Id.* at 4-5. Although not indicated in the new Petition of a third 2254 filing in the state court, the court takes judicial notice of Petitioner's filing in *Esperon v. Carbullido*, in that Petitioner filed a separate 2254 Petition with the Supreme Court of Guam, which was denied on March 23, 2023. *See* ECF No. 33 at 3-5, *Esperon v. Carbullido*, Civil Case No. 20-00027 (D. Guam). The Supreme Court of Guam's decision incorporated the Superior Court of Guam's 2019 decision on the denial of Petitioner's 2254 Petition. *Id.* at 4. The court also takes judicial notice of the Superior Court of Guam's Decision and Order dated July 24, 2019.[3] *See* ECF No. 1 at 26-37, *Esperon v. Carbullido*, Civil Case No. 20-00027 (D. Guam).

On May 29, 2025, this court issued an order dismissing with prejudice Ground Four of the Petition, and dismissing without prejudice Grounds One, Two, and Three. ECF No. 7, *Esperon v. Bordallo,* Civil Case No. 24-00007 (D. Guam). The court allowed Petitioner to file an

---

[3] The Superior Court of Guam conducted a hearing on Petitioner's Writ of Habeas Corpus on May 31, 2019. *See* ECF No. 1 at 27 (Civil Case No. 20-00027).

amended petition on Grounds One, Two, and Three, to include sufficient factual matter to state plausible claims for relief. *Id.* The court also ordered that any "amended petition must . . . be rewritten and may not incorporate any part of the dismissed Petition by reference. Any claim not raised therein will be deemed waived." *Id.* at 15.

On August 20, 2025, Petitioner filed his Amended Petition. *Id.* at ECF No. 13. The Amended Petition specifies grounds for relief under the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution. *Id.* at 1. For Ground One, Petitioner alleges violations of the Sixth and Fourteenth Amendment. *Id.* at 2. For Ground Two, Petitioner alleges a violation of the Fourteenth Amendment. For Ground Three, Petitioner alleges violations of Fifth and Fourteenth Amendments.

## II. DISCUSSION

### A. Federal Habeas Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant a writ of habeas corpus on behalf of a person in state custody "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Supreme Court precedent if "the state court applies a rule that contradicts the governing law set forth" in Supreme Court cases or if the facts before the state court are "materially indistinguishable from a Supreme Court decision but "nevertheless arrives at a [different] result." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision represents an "unreasonable application" of Supreme Court

precedent if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. A federal habeas court should ask "whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 365.

The habeas statute further provides that "a determination of a factual issue made by a State court shall be presumed to be correct[,]" unless the Petitioner rebuts "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e). "Clear and convincing evidence requires greater proof than preponderance of the evidence." *Sophanthavong v. Palmateer*, 378 F.3d 859, 866 (9th Cir. 2004). "To meet this higher standard, a party must present sufficient evidence to produce 'in the ultimate factfinder an abiding conviction that [the asserted factual contentions are] highly probable." *Id.* (citation omitted) (internal quotation marks omitted).

Before applying AEDPA, federal courts "look 'to the last reasoned decision' that resolves the claim at issue in order to determine whether that claim was adjudicated on the merits." *Kipp v. Davis*, 971 F.3d 939, 948 (9th Cir. 2020) (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991)). In this case, the "last reasoned decision" was the Superior Court of Guam's Decision and Order dated July 24, 2019. *See* ECF No. 1 at 26-37, *Esperon v. Carbullido*, Civil Case No. 20-00027 (D. Guam). Therefore, the court will utilize that decision in reviewing Petitioner's amended petition.

### B. Petitioner's Claims

#### 1. Ground One: Ineffective Assistance of Counsel

Ground One alleges that Petitioner was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments. The state court adjudicated Petitioner's claim of ineffective assistance of counsel using the *Strickland* two-prong test: (1) that his counsel's

actions were deficient, i.e., that those actions fell below "an objective standard of reasonableness"; and (2) that the deficient actions prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687-90 (1984). A counsel's performance is deficient if, considering all the circumstances, it is "outside the wide range of professionally competent assistance." *Id.* at 689.

To sufficiently allege that a petitioner's defense was prejudiced by his counsel's performance, he must allege that his "counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable," i.e., that the result of the proceeding would have been different. *Id.* at 687. "The likelihood of a different result [absent counsel's deficient performance] must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). There is a strong presumption that a defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689-90.

The Ninth Circuit held that when federal courts "evaluate an ineffective assistance claim under § 2254(d)(1)," the review is "doubly deferential." *Demirdjian v. Gipson*, 832 F.3d 1060, 1066 (9th Cir. 2016) (citation omitted). "If there is any reasonable argument that counsel satisfied *Strickland's* deferential standard, [the federal] court must deny habeas relief." *Id.* (internal quotation marks omitted) (citations omitted).

Petitioner's arguments on ineffective assistance of counsel can be summarized as defense counsel having failed to submit exculpatory evidence and having failed to conduct "cursory investigation". The exculpatory evidence, as alleged by petitioner, were as follows: (1) Petitioner signed the *Miranda* waiver under the impression that it was for an internal affairs complaint filed by a taxi driver, not for the criminal sexual conduct allegation; (2) Petitioner was diagnosed with a mental health condition prior to the interrogation; and (3) Petitioner was either off-island on

military duty or was at work in Piti, Guam, during the alleged timeframe of the Indictment. *See* ECF No. 13 at 1-2, *Esperon v. Bordallo*, Civil Case No. 24-00007 (D. Guam). According to Petitioner, he offered his attorney a copy of the internal affairs report, along with a witness on this issue; a copy of his medical records with mental health diagnosis; and alibi witnesses that he was either off-island or at his job. *Id.* Petitioner also alleged that his counsel did not investigate beyond what was given to her in discovery by the Attorney General's Office. *Id.* at 2.

Lastly, Petitioner alleged that his counsel filed a motion to withdraw but the court gave Petitioner the option of keeping his court-appointed counsel or representing himself *pro se*, so he kept his court-appointed counsel. *Id.*

As discussed below, this court defers to "all factual findings of the state court that are reasonable 'in light of the evidence presented in the state court proceedings.'" *See Brown v. Poole*, 337 F.3d 1155, 1160 n.2 (9th Cir. 2003) (citation omitted).

(a) Defense counsel's failure to raise an invalid *Miranda* waiver as a result of Petitioner being under the impression that the waiver was for an internal affairs investigation and as a result of Petitioner's mental health diagnosis.

The Superior Court of Guam noted that Petitioner's trial counsel filed a Motion to Suppress and Exclude Involuntary Statement. ECF No. 1 at 32, *Esperon v. Carbullido*, Civil Case No. 20-00027 (D. Guam). That "motion contained the same arguments which Esperon now argues in his habeas corpus proceeding, notably that Esperon was not informed of the true nature of his interrogation, that he was coerced by police, and that he was suffering from anxiety and PTSD at the time of the interview. Thus, Esperon is now arguing that his counsel was ineffective for failing to make certain arguments, while the record reflects that his counsel did make such arguments." *Id.*

As noted above, "a determination of a factual issue made by a State court shall be presumed to be correct[,]" unless the Petitioner rebuts "the presumption of correctness by clear

and convincing evidence." 28 U.S.C. § 2254(e). Petitioner did not rebut the presumption of correctness by clear and convincing evidence. In fact, Petitioner himself indicated in his amended petition that his attorney filed a motion to suppress based on the information he gave her but that was denied by the court. ECF No. 13 at 1, *Esperon v. Bordallo*, Civil Case No. 24-00007 (D. Guam).

(b) Defense counsel's failure to subpoena a witness to attest to the internal affairs investigation regarding the taxi driver.

Related to Petitioner's argument above is the fact that his counsel failed to call a witness to the stand to attest to the internal affairs investigation. The state court made the following finding: "The Court does not see how the outcome of the Suppression Hearing would have been different had witnesses been present to attest to the taxi driver incident. There was never a factual dispute as to whether this incident took place. The question before the trial court at the Suppression Hearing was whether Esperon knowingly waived his *Miranda* rights before his interrogation. The Court ultimately found that 'at no point during or before the interview did Officer Pangelinan or [Esperon] indicate or discuss a possible internal investigation regarding a taxi cab.' . . . Because the actual occurrence of the incident was not relevant during the Suppression Hearing, Esperon's trial counsel was not ineffective for her failure to call witnesses to attest to the actual occurrence of the taxi cab incident." ECF No. 1 at 35, *Esperon v. Carbullido*, Civil Case No. 20-00027 (D. Guam).

Since it was the state court who conducted the evidentiary hearing on whether Petitioner waived his *Miranda* rights, this court is required to defer to the state court's credibility findings. *See Sophanthavong*, 378 F.3d at 867.

(c) Defense counsel's failure to introduce medical reports of Petitioner's mental health diagnosis.

Also related to Petitioner's argument above is the fact that defense counsel failed to

introduce medical reports of Petitioner's mental health diagnosis. The state court reviewed the medical records in question and found that the "psychological examination took place just six days prior to the interrogation in question, and the psychologist conducting the assessment failed to diagnose Esperon with any mental health issue which would have adversely affected his ability to comprehend his *Miranda* warning." ECF No. 1 at 36, *Esperon v. Carbullido*, Civil Case No. 20-00027 (D. Guam). The state court further noted that "[s]uch a medical record [lacking a mental health diagnosis] would have likely undercut Esperon's arguments at the suppression hearing." *Id.*

Again, this court will presume, pursuant to 28 U.S.C. § 2254(e), that the state court's factual findings are correct. Petitioner has not presented evidence that rebuts the state court's findings. Although the Petitioner was suffering from "post-deployment adjustment issues" and was on antidepressant medication (*see* ECF No. 13 at 60-63, *Esperon v. Bordallo*, Civil Case No. 24-00007 (D. Guam)), Petitioner has not provided evidence of any clear mental health diagnosis that rebuts the state court's findings. In fact, the evidence Petitioner submitted indicated that he was "mentally sound". *See id.*, ECF No. 13 at 60.

(d) Defense counsel's failure to admit exculpatory evidence regarding Petitioner's work schedule and his off-island military duty.

In its habeas petition decision as to Petitioner's work schedule, the Superior Court of Guam cited to the Supreme Court of Guam's decision on direct appeal that "[t]he evidence that sexual contact and penetration occurred was almost undisputed, as Esperon himself confessed orally and in a written statement to having sexual intercourse with [the victim]." ECF No. 1 at 34, *Esperon v. Carbullido*, Civil Case No. 20-00027 (D. Guam). The Superior Court of Guam further made a finding that "[b]ecause of Esperon's confession, his trial counsel decided not to emphasize an alibi defense. . . . Further, Esperon's work schedule only would have provided a

partial alibi for the time period in which the alleged conduct occurred, and therefore it is unlikely that the work schedule's [*sic*] would have affected the outcome of this case." *Id.*

Similarly, although the state court did not address the exculpatory evidence regarding Petitioner's off-island military duty between the period of June 16 to June 19, 2011 (*see* ECF No. 13 at 41, *Esperon v. Bordallo*, Civil Case No. 24-00007 (D. Guam)), the same analysis applies here. The time period only provided a very small window of alibi and with the strong evidence of criminal sexual conduct as found by the state court, such evidence of Petitioner's off-island military duty from June 16 to 19, 2011, would not have affected the outcome of the case. *See Strickland*, 466 U.S. at 687 (To satisfy *Strickland's* two-prong test, the petitioner must demonstrate that counsel's deficient performance would have likely resulted in a different outcome).

(e) Defense counsel's failure to investigate.

Petitioner argues that his defense counsel failed to conduct a "cursory investigation" and that his defense counsel did not investigate beyond what was given to her in discovery by the Attorney General's Office. ECF No. 13 at 2, *Esperon v. Bordallo*, Civil Case No. 24-00007 (D. Guam). Petitioner explained that "[t]here was no adversarial testing of the evidence contradicting the charges" and that the "alibi eyewitness identified, would have testified that I was off-island on military orders and the other would have testified that I was gainfully at work in Piti as a Federal Park Ranger." *Id.* These allegations were discussed *supra*.

(f) Defense counsel's motion to withdraw.

Petitioner argues that his counsel filed a motion to withdraw but the court gave Petitioner the option of keeping his court-appointed counsel or representing himself *pro se*, so he kept his court-appointed counsel. *See id.* Petitioner failed to allege how the motion to withdraw resulted in counsel's deficient performance and how this deficient performance prejudiced his defense.

*See Strickland*, 466 U.S. at 687-90.

Petitioner previously raised this argument, and he was instructed to amend his petition to include sufficient facts to state a claim. *See* ECF No. 7, *Esperon v. Bordallo*, Civil Case No. 24-00007 (D. Guam). However, Petitioner failed to do so. Accordingly, this argument in support of Ground One is dismissed.

### 2. Ground Two: *Brady* Violation

In the amended petition for Ground Two, Petitioner failed to state what violation of the Constitution or laws or treaties of the United States he is alleging. However, a careful reading of the facts he provided appears that he is alleging a *Brady* violation.[4] Petitioner's main complaint is that the time provided in the indictment was from January 1, 2011 to April 6, 2012, and "[t]he [Assistant Attorney General] withheld the exculpatory amendment of the Indictment of a shorter date range as an advantage over [him]". ECF No. 13 at 3, *Esperon v. Bordallo*, Civil Case No. 24-00007 (D. Guam). When the minor victim was interviewed by police officers, she indicated the incident occurred in 2012. ECF No. 1 at 29, *Esperon v. Carbullido*, Civil Case No. 20-00027 (D. Guam). She could not recall the exact date, but she recalls that the incident happened on the day she watched Kung Fu Panda 2 at the movie theater. *Id.* The victim also later testified that the incident occurred in 2011. The prosecutor introduced evidence and also argued at trial that the movie premiered on May 27, 2011, and ran for approximately two to five weeks. ECF No. 13 at 14, 19, *Esperon v. Bordallo*, Civil Case No. 24-00007 (D. Guam). Petitioner argues that the [Assistant Attorney General], by not amending the indictment[,] made [him] defend the entire date range." *Id.* at 3.

In *Brady v. Maryland*, the U.S. Supreme Court held that a prosecutor's wrongful

---

[4] In the amended petition, Petitioner argued that the prosecutor was aware of the premier date of the movie, Kung Fu Panda 2, and as such, this proved "intentional misconduct" on the prosecutor's part when he did not amend the indictment. ECF No. 13 at 3 (Civil Case No. 24-00007). To the extent that Petitioner is claiming prosecutorial misconduct, Petitioner has not sufficiently alleged facts to support such claim.

suppression of evidence favorable to an accused violated the Due Process Clause of the Fourteenth Amendment when such evidence was material to guilt or punishment. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). To prevail on a *Brady* claim, a petitioner ultimately must prove that (1) "the evidence at issue is favorable to the accused, [such as being] exculpatory [or] impeaching"; (2) "that evidence was suppressed by the [prosecution], either willfully or inadvertently"; and (3) "prejudice ensued." *Woods v. Sinclair*, 764 F.3d 1109, 1127 (9th Cir. 2014) (citations omitted). There must be "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler v. Greene*, 527 U.S. 263, 280 (1999). A "reasonable probability" exists when suppression of evidence "undermines confidence in the outcome of the trial." *Catlin v. Broomfield*, 124 F.4th 702, 743 (9th Cir. 2024) (citation omitted).

The Superior Court of Guam's decision discussed Petitioner's claim on *Brady* violation in the context of addressing ineffective assistance of counsel and the inconsistency in the victim's timeline of events wherein the victim initially said the incident occurred in 2012 but later claimed it was in June 2011. ECF No. 1 at 32-33, *Esperon v. Carbullido*, Civil Case No. 20-00027 (D. Guam). The state court's decision did not specifically touch on Petitioner's instant argument that the prosecutor committed *Brady* violation because he did not amend the indictment to reflect a narrower timeframe based on the victim's changed testimony of the time of the incident. However, if the state court addresses the petitioner's federal claim in the course of resolving a different issue, the federal claim is deemed to have been adjudicated on the merits and is entitled to § 2254(d)(1) deference. *See e.g.*, *Sturgeon v. Chandler*, 552 F.3d 604 (7th Cir. 2009); *Hodge v. Haeberlin*, 579 F.3d 627 (6th Cir. 2009); *Flint v. Carr*, 10 F.4th 786 (7th Cir. 2021). That is the case here.

In applying the *Brady* test, the state court found that there was no *Brady* violation

because the prosecutor did not suppress the fact that the victim's chronology of events was inconsistent." *See* ECF No. 1 at 33, *Esperon v. Carbullido*, Civil Case No. 20-00027 (D. Guam). The indictment "provided a large window of time in which the criminal conduct may have taken place" (*id.*) given the fact that the victim initially stated that the incident occurred in 2012 but later stated that it was in 2011. There was no suppression of evidence here on the part of the prosecutor, and Petitioner is not arguing this part either. What he is arguing is that the prosecutor "withheld the exculpatory amendment of the indictment" to a shorter date range. *See* ECF No. 13 at 3, *Esperon v. Bordallo*, Civil Case No. 24-00007 (D. Guam). Having a large window of time in the indictment is not a *Brady* violation.

There is also not a variance in this case. "A variance . . . occurs when . . . the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Adamson*, 291 F.3d 606, 614 (9th Cir. 2002) (internal quotation marks omitted) (citation omitted). The indictment provided a timeframe of January 1, 2011 to April 6, 2012. The Government presented evidence falling within that timeframe.

### 3. Ground 3: Newly Discovered Evidence

In the amended petition for Ground Three, Petitioner failed to state what violation of the Constitution or laws or treaties of the United States he is alleging. However, a careful reading of the facts he provided appears that he is alleging a violation of the Fifth and Fourteenth Amendments. Petitioner argues that he did not waive his *Miranda* rights and his Due Process was violated when his statements were not suppressed due to an invalid waiver. ECF No. 13 at 4, *Esperon v. Bordallo*, Civil Case No. 24-00007 (D. Guam).

Claims of actual innocence based on newly discovered evidence warrant federal habeas relief only where the evidence is (1) "newly discovered"; and (2) "of such character as will completely undermine the entire structure of the case upon which the prosecution was based."

*Prescott v. Santoro*, 53 F.4th 470, 480 (9th Cir. 2022). "The evidence must show that 'it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence.'" *Griffin v. Johnson*, 350 F.3d 956, 960-61 (9th Cir. 2003). In support of such claim, a petitioner must "introduce[] affirmative proof of actual innocence based on newly discovered evidence." *Turner v. Calderon*, 280 F.3d 851, 872 (9th Cir. 2002) (citations omitted).

Petitioner argues that the "newly discovered" evidence was a newspaper article revealing that the participants under the Civilian Volunteer Police Reserve Training Program were not properly trained and certified. ECF No. 13 at 4, *Esperon v. Bordallo*, Civil Case No. 24-00007 (D. Guam). Petitioner was one of those participants. *Id.* Petitioner argues that this evidence is critical because when the prosecutor showed whether Petitioner validly waived his *Miranda* rights, Petitioner's knowledge as a Civilian Volunteer Police Reservist was relied upon by the prosecutor. *Id.* And because he was not properly trained and certified under the program, such reliance was wrong. *Id.*

In the Superior Court of Guam's decision, the court stated that "[n]otably, the court did not consider [Petitioner's] training as a reservist a factor in determining whether he understood his *Miranda* rights." ECF No. 1 at 28, *Esperon v. Carbullido*, Civil Case No. 20-00027 (D. Guam). Since it was the state court who conducted the evidentiary hearing on whether Petitioner waived his *Miranda* rights, this court is required to defer to the state court's credibility findings. *See Sophanthavong*, 378 F.3d at 867. Petitioner's training as a reservist did not play a role in the state court's decision in the suppression hearing and as such, the newly discovered evidence did not undermine the entire structure of the case upon which the prosecution was based.

## C. Appointment of Counsel

Petitioner renews his motion to appoint counsel. ECF No. 13 at 6, *Esperon v. Bordallo*, Civil Case No. 24-00007 (D. Guam). He argues that the Guam correctional facility does not

provide any legal assistance, and he has "limited to no resources and little knowledge of procedures and law." *Id.* He also argues that the respondent is represented by counsel and appointing counsel would provide "an equal balance of 'playing field'". *Id.*

Petitioner is not entitled to counsel under the statute or under the Constitution. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985). However, in extraordinary circumstances, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Such exceptional circumstances require that the court consider a plaintiff's "likelihood of success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (holding that the district court did not abuse discretion in declining to appoint counsel and indicating that these exceptional circumstances must be "viewed together"). A "likelihood" does not mean that success is certain or even probable; rather, a "likelihood" means that there is "possible merit" to the claims. *See Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 925 (2017).

Because the court finds that the Amended Petition has no merit, Petitioner does not meet his burden of demonstrating the existence of such exceptional circumstances to warrant appointment of an attorney. *See Palmer*, 560 F.3d at 970.

### D. Certificate of Appealability, § 2253(c)(2)

To obtain a certificate of appealability, a Petitioner must make a "substantial showing of a denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 481 (2000). This standard is met when "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." *Welch v. United States*, 578 U.S. 120, 127 (2016). Here, the court finds that

reasonable jurists would not disagree with or debate the conclusion that Petitioner is not entitled to relief. Accordingly, a certificate of appealability is **DENIED**.

### III. Conclusion

For the reasons stated herein, Petitioner James J. Esperon's Amended Petition Under 18 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is **DENIED**. Additionally, the motion to appoint counsel is denied. Further, Petitioner is not entitled to a certificate of appealability.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Mar 31, 2026**